IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NIKOLAS GACHO, ) | |
| ) | |
| Petitioner, ) | No. 21 C 5612 |
| ) | |
| v. ) | Judge Jorge L. Alonso |
| ) | |
| CHRISTINE BRANNON-DORTCH, ) | |
| Warden, Hill Correctional Center, ) | |
| ) | |
| Respondent. ) | |

## Memorandum Opinion and Order

An Illinois judge convicted Petitioner Nikolas Gacho of attempted first-degree murder for an offense committed when he was 17 years old. He was sentenced to 35 years in prison, including a 25-year mandatory enhancement based on his personal discharge of a firearm that proximately caused great bodily harm, permanent disability, or permanent disfigurement to the victim. After trial, Gacho pursued an ineffective assistance of trial counsel claim in state court. Those claims were rejected by the state trial court and on appeal. Gacho now seeks federal habeas relief under 28 U.S.C. § 2254. For the reasons below, the Court denies Gacho's request for habeas relief [1].

## Background

### I. Factual Background

In June of 2020, Gacho shot Mario Palomino, which caused Palomino to become paralyzed from the chest down. The pertinent facts revealed at trial show that Gacho and Palomino got into a verbal altercation at a party over Gacho's girlfriend. As Palomino and Gacho's girlfriend were leaving the party, Gacho pulled out a gun and fired three shots as

Palomino began to run away, one of which hit Palomino in the spinal cord causing him to become paralyzed. During the trial, Gacho testified that he saw Palomino and his girlfriend together and saw Palomino make a motion toward his waistband and say, "I got you now." Gacho claimed he thought Palomino was reaching for a firearm and shot him in self-defense.

## II.   Criminal Charges and Trial

Gacho was charged with attempted first-degree murder, aggravated battery, aggravated battery with a firearm, aggravated battery causing great bodily harm, and aggravated discharge of a firearm, in connection with the shooting of Mario Palomino. Gacho proceeded to a bench trial. On the day of trial, Gacho's counsel informed him that he was subject to a mandatory sentencing enhancement of 25 years to life and that the State would be seeking the enhancement. Before that, Gacho's counsel informed him that his sentencing range would be between 6 and 30 years but assured him that the judge would not impose a sentence near the 30-year term since he was only 17 at the time of the offense. Based on this advice, Gacho rejected the State's first offer of 26 years in exchange for a guilty plea.

On the day trial was set to start, the State and Gacho's counsel engaged in plea negotiations. The State lowered its offer to 20 years. After being informed of the correct sentencing range, Gacho asked his attorneys to try and get the State's offer down to 15 years. His attorneys returned and told him that the State remained firm at its offer of 20 years. Gacho then asked his attorneys to again attempt to get the offer down to 15 years "or as close to it as possible." The attorneys returned and told him that the State refused to lower its offer and that they had spoken to the judge who felt 20 years was a fair offer.

Gacho then asked his attorneys for advice about what he should. They responded by telling him that they could not help him decide whether to accept the plea offer or not. Gacho

2

asked his attorneys to request a continuance to speak with his family about the situation. His attorneys told him that it was "not an option" to ask for a continuance on the day of trial. One of his attorneys also told him that asking for a continuance would undermine his credibility in front of the court.

Gacho rejected the 20-year offer and proceeded to trial. Before the trial, the judge and Gacho engaged in the following colloquy:

| | |
|---|---|
| THE COURT: | Mr. Gacho, do you understand what the State's offer is? |
| THE DEFENDANT: | Yes, your Honor. |
| THE COURT: | Okay. You understand they are offering you 20 years on the attempt first degree murder, one of the lesser charges. If you are found guilty of one of the counts. Count 4 in that you proximately caused -- that you personally discharged a firearm that proximately caused great bodily harm to Mario Palomino or caused permanent disability to Mario Palomino, the absolute minimum you could get would be 31 years. You could get a maximum up to natural life. I just want to make sure you understand. |
| THE DEFENDANT: | I understand, your Honor. |
| THE COURT: | Understanding that, do you reject the offer of 20 years? |
| THE DEFENDANT: | I reject it, your Honor. |

Gacho proceeded to trial and the judge found him guilty of first-degree attempted murder. The judge sentenced Gacho to 35 years imprisonment, which included the 25-year mandatory sentencing enhancement.

### I. Posttrial Proceedings

After his trial and sentencing, and a direct appeal challenging the constitutionality of various statutes applicable to his case, Gacho filed a post-conviction petition arguing, among other things, that he received ineffective assistance of counsel during plea negotiations. In summary, Gacho argued that his counsels' representation was constitutionally deficient because

3

they told him the incorrect sentencing range up until the day of trial, refused to request a continuance after providing him with the correct sentencing range, and did not give him advice on whether to accept the 20-year plea offer from the State. The trial court summarily dismissed Gacho's petition upon a finding that all claims were frivolous or patently without merit. Gacho filed an appeal of the trial court's dismissal, and the appellate court affirmed on the grounds that Gacho failed to show either that counsel performed deficiently or that he was prejudiced by counsels' performance. The instant petition ensued.

## Discussion

Habeas relief is an extraordinary remedy "because it asks the district court essentially to reopen the criminal process to a person who already has had an opportunity for full process." *Almonacid v. United States*, 476 F.3d 518, 521 (7th Cir. 2007). Under section 2254, relief is available only when the petitioner's custody violates the Constitution or laws or treaties of the United States. 18 U.S.C. §2254. "[A] state prisoner must exhaust his remedies in state court before seeking relief in federal court." *Snow v. Pfister*, 880 F.3d 857, 864 (7th Cir. 2018). "A federal court will not hear a state prisoner's habeas claim unless the prisoner has first exhausted his state remedies by presenting the claim to the state courts for one full round of review." *Crutchfield v. Dennison*, 910 F.3d 968, 972 (7th Cir. 2018).

I.    **Whether any of Gacho's claims are procedurally defaulted**

Although Respondent concedes that Gacho filed an appeal regarding his ineffective assistance claims, it argues that he did not present one of these claims in his petition for leave to appeal to the Illinois Supreme Court. More specifically, the Respondent contends that Gacho did not argue to the Illinois Supreme Court that his counsels' assistance was ineffective because they failed to inform him of the mandatory 25-year sentence enhancement. In Respondent's view, this

4

claim is procedurally defaulted. Gacho, on the other hand, argues that his ineffective assistance of counsel claim constitutes a single claim, regardless of the number of failings, and that he presented this claim in his petition for leave to appeal when read as a whole.

A habeas petitioner who has exhausted his state court remedies without properly asserting his federal claim at each level of state court review has procedurally defaulted that claim. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 848-49 (1999); *see also Howard v. O'Sullivan*, 185 F.3d 721, 725 (7th Cir. 1999); *Momient-El v. DeTella*, 118 F.3d 535, 541 (7th Cir. 1997). A procedural default will bar federal habeas relief unless the petitioner can demonstrate both cause for and prejudice stemming from that default, *Wainwright v. Sykes*, 433 U.S. 72, 86-87 (1977), or he can establish that the denial of relief will result in a miscarriage of justice, *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986).

The Court agrees with Gacho that his claim is not procedurally defaulted. Gacho correctly argues that "[i]neffective assistance of counsel is a single ground for relief no matter how many failings the lawyer may have displayed [and that c]ounsel's work must be assessed as a whole; it is the overall deficient performance, rather than a specific failing, that constitutes the ground of relief." *Peoples v. United States*, 403 F.3d 844, 848 (7th Cir. 2005). Here, Gacho claims that counsel inadequately represented him during the plea negotiation process. The Court does not read Gacho's petition—either in state court on appeal or in the petition for leave to appeal—as presenting different grounds for relief. Indeed, Gacho specifically recites facts in his petition for leave to appeal that his counsel failed to inform him of the mandatory firearm enhancement until the day of trial. *See* [23-14] at pg. 15. Instead, the Court interprets counsels' incorrect sentencing advice as a part of Gacho's overall complaints about his counsels'

5

ineffective assistance during plea negotiations. Accordingly, the Court finds that Gacho has not procedurally defaulted this claim.

**II.     Merit of the claims**

Turning to the merits of the petition, section 2254 of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") empowers federal courts to "entertain an application for a writ of habeas corpus in [sic] behalf of a person in custody pursuant to the judgment of a State court" only when that person's custody violates "the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Under the AEDPA, a federal court will grant a petition for habeas corpus under narrow circumstances: where the state court's decision on the federal constitutional question (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court [of the United States]"; or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Snow*, 880 F.3d at 863-64 (quoting 28 U.S.C. § 2254(d)(1), (2)), *cert. denied sub nom. Snow v. Nicholson*, 138 S. Ct. 2637, 201 L. Ed. 2d 1030 (2018). "This standard is 'difficult to meet' and 'highly deferential.'" *Snow*, 880 F.3d at 864 (quoting *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (internal quotation marks omitted)). And it "applies only to claims that were actually 'adjudicated on the merits in state court proceedings.'" *Id.* (quoting *Campbell v. Reardon*, 780 F.3d 752, 762 (7th Cir. 2015); 28 U.S.C. § 2254(d)). For each claim, the court "review[s] the decision of the last state court to address its merits." *Id.*

The presumption that state courts know and follow the law is "particularly true when state courts adjudicate ineffective assistance of counsel claims." *Minnick v. Winkleski*, 15 F.4th 460, 468 (7th Cir. 2021) (citing *Burt v. Titlow*, 571 U.S. 12, 19 (2013)). Under the Sixth Amendment, criminal defendants have the right to effective assistance of counsel, *Garza v.*

6

*Idaho*, 139 S. Ct. 738, 743 (2019), in both federal and state court, *Gideon v. Wainwright*, 372 U.S. 335, 342 (1963). This protection extends to assistance during plea negotiations. *Missouri v. Frye*, 566 U.S. 134, 145 (2012). To establish ineffective assistance of counsel, a petitioner "must prove that: (1) counsel's representation fell below an objective standard of reasonableness, and (2) any such deficiency was prejudicial." *Garza*, 139 S. Ct. at 744 (quoting *Strickland v. Washington*, 466 U.S. 668, 687-88, 692 (1984)) (cleaned up). If the petitioner cannot show prejudice, then the court may end its inquiry there. *Strickland*, 466 U.S. at 697.

To satisfy the prejudice requirement, the petitioner must "undermine confidence in the outcome" of the trial proceedings by showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694 (cleaned up). In the plea context, this means demonstrating a reasonable probability that: (1) the defendant would have taken the plea offer; (2) the state court would have accepted the deal; and (3) "the end result of the criminal process would have been more favorable by reason of a plea to a lesser charge or a sentence of less prison time." *Frye*, 566 U.S. at 147; *Lafler v. Cooper*, 566 U.S. 156, 163-64 (2012).

Gacho first argues that the state appellate court applied the incorrect standard of review, instead relying on *United States v. Cronic*, 466 U.S. 548 (1984), for the outdated proposition that Sixth Amendment protections apply only to conduct affecting the reliability of the actual trial process and not to plea negotiations. But the record belies this contention. The appellate court clearly recognized that "[t]he constitutional right to effective assistance of counsel extends to the plea-bargaining process." [23-14] at ¶19. The appellate court went on to explain some of the specific rights owed to criminal defendants during the plea-bargaining process. *Id.* at ¶¶19-21. With respect to *Cronic*, the appellate court cited this case for the proposition that an attorney is

7

not required to request a continuance for reasons unrelated to the trial process (such as to discuss a plea offer with family)—but that is not the same as holding that the Sixth Amendment protections do not extend to the plea process. Accordingly, the Court finds that the appellate court identified and applied the correct standard of review.

Next, Gacho argues that the appellate court made several unreasonable determinations of fact. To start, Gacho argues that the appellate court undervalued the fact that his attorneys told him there was "no way" he would be sentenced at or near 30 years. Gacho contends that the appellate court reconstructed this fact by characterizing it as his attorneys telling him it was "unlikely" that he would receive a high sentence.

The Court finds this argument to be without merit. The Court sees no substantive difference between Gacho's allegation and the appellate court's summary—much less that the appellate court unreasonably construed this fact. The court accepted that Gacho's attorneys assured him he would not receive a high sentence if he lost at trial but found that regardless of what Gacho knew prior to the day of trial, he had a complete picture of the applicable sentence range when he rejected the State's offer. The appellate court fully appreciated the facts and circumstances of the case and thus made a reasonable determination with respect to this fact. *See Hennon v. Cooper*, 109 F.3d 330, 335 (7th Cir. 1997), *cert. denied*, 522 U.S. 819, 118 S. Ct. 72, 139 L.Ed.2d 32 (1997) ("It doesn't follow that the criterion of a reasonable determination is whether it is well reasoned. It is not. It is whether the determination is at least minimally consistent with the facts and circumstances of the case.")

Gacho further argues that the appellate court made an unreasonable determination when it found that the record did not support that he would have accepted the plea offer—one of the elements Gacho must prove by a reasonable probability standard. *See Frye*, 566 U.S. at 147;

8

*Lafler*, 566 U.S. at 163-64. Gacho argues that his instruction to his attorneys to get the offer down to 15 years "or as close to it as possible" demonstrates that he would have accepted the plea. But again, the record contradicts this assertion. The fact remains that Gacho acknowledged that his attorneys informed him that the State remained firm at its 20-year offer—yet he still declined the offer in favor of trial. He confirmed as much with the trial judge on the record. The Court finds that the appellate court made a reasonable determination when it concluded that Gacho's own "subjective, self-serving" after-the-fact assertions do not demonstrate prejudice or that he would have accepted the plea offer. *See Foster v. United States*, 735 F.3d 561, 566–67 (7th Cir. 2013) (holding that defendant's self-serving statement during habeas petition hearing that he would have accepted a plea if given accurate advice by counsel failed to establish prejudice, where other evidence showed that defendant was unwilling to accept a plea at the time of trial).

     This leads to Gacho's fourth argument: that his attorneys' representation was deficient because they failed to advise him whether to accept the State's 20-year offer. "Although there is no exhaustive list of defense counsel's obligations, prevailing norms of practice as reflected in American Bar Association standards and the like…are guides to determining what is reasonable." *Handley v. United States*, 47 F. Supp. 3d 712, 717 (N.D. Ill. 2014) (citing *Strickland*, 466 U.S. at 688). To be sure, American Bar Association guidelines require counsel to engage in "appropriate investigation and study" prior to advising a defendant during plea negotiations, which includes the "responsibility to investigate…the facts that go to the defendant's potential sentence, including his or her prior record." ABA Standards for Criminal Justice: Pleas of Guilty, Standard 14-3.2 & comment, p. 123 (3rd ed. 1999); *see also*, ABA Standards for Criminal Justice: Prosecution Function & Defense Function, Standard 4-5.1(a) &

9

comment, p. 198 (1999) (counsel must "inform[] himself or herself fully on the facts and the law," which includes the duty to "advise[] fully [the defendant] as to…the probable outcome of alternative choices").

But as the Respondent correctly points out, defense counsel cannot coerce a criminal defendant to accept a plea offer because doing so would render the plea involuntary. *See U.S. v. Woolley*, 123 F.3d 627, 632 (7th Cir. 1997) (Rule 11 "require[s] that a defendant's guilty plea be [made] voluntarily (i.e., not induced by threats or promises of any kind)"). Rather, counsel must reasonably advise the defendant of the plea offer and all collateral consequences of such offer. *See* ABA Standards for Criminal Justice: Pleas of Guilty, Standard 14-3.3 (3rd ed. 1999). And here, Gacho's attorneys advised him of the State's offer, attempted to negotiate a different deal twice. Thus, the Court finds that counsels' representation was not constitutionally deficient even if they did not make an explicit recommendation as to whether Gacho should accept or reject the plea offer.

Lastly, Gacho also argues that his attorneys put their own interests above his when they refused to request a continuance because, as one of his attorneys told him, the request would undermine his credibility in front of the judge. The appellate court rejected this argument, holding that none of the cases cited by Gacho supported the conclusion that an attorney's refusal to request a continuance on the day of trial, to allow a client to have additional time to consider a plea offer with the advice of family is conduct that falls below an objective standard of reasonableness.

The Court agrees. The request for a continuance was unrelated to counsel's ability to prepare an adequate defense. The Court further agrees that Gacho has not established any probability, much less a reasonable one, that the trial court would have granted the continuance

on the day of trial. *See U.S. v. Fish*, 34 F.3d 488, 494-95 (7th Cir. 1994) ("The need for a continuance is determined by the particular facts of the case and addressed to the sound discretion of the district court. [] Where a motion for a continuance would prove futile, failure to seek one cannot constitute ineffective assistance") (internal citations omitted). The Court, therefore, finds that Gacho has not established any prejudice stemming from the refusal to request a continuance.

### III.     Certificate of Appealability

Rule 11(a) of the Rules governing section 2254 proceedings mandates that the Court rule on a certificate of appealability when it denies a petition under section 2254 or otherwise closes the case. A certificate of appealability is not granted as a matter of right and instead may only be granted "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing occurs when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Peterson v. Douma*, 751 F.3d 524, 528 (7th Cir. 2014) (citing *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L.Ed.2d 542 (2000)).

The Court declines to issue a certificate of appealability. As discussed above, the Court does not view the dismissal here as a close question. Accordingly, Gacho cannot show the denial of a constitutional right and cannot show that reasonable jurists would debate this resolution of his claims.

Gacho is advised that this is a final decision ending his case. If he wishes to appeal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. *See* Fed. R. App. P. 4(a)(1). Gacho need not bring a motion to reconsider the Court's ruling to preserve his

appellate rights. However, if he wishes the Court to reconsider its judgment, he may file a motion under Federal Rule of Civil Procedure 59(e) or 60(b).

Any Rule 59(e) motion must be filed within 28 days of the entry of judgment. *See* Fed. R. Civ. P. 59(e). The time to file a motion pursuant to Rule 59(e) cannot be extended. *See* Fed. R. Civ. P. 6(b)(2). A timely Rule 59(e) motion suspends the deadline for filing a notice of appeal until the Rule 59(e) motion is ruled on. *See* Fed. R. App. P. 4(a)(4)(A)(iv).

Any Rule 60(b) motion must be filed within a reasonable time and, if seeking relief under Rule 60(b)(1), (2), or (3), must be filed no more than one year after entry of the judgment or order. *See* Fed. R. Civ. P. 60(c)(1). The time to file a Rule 60(b) motion cannot be extended. *See* Fed. R. Civ. P. 6(b)(2). A Rule 60(b) motion suspends the deadline for filing a notice of appeal until the Rule 60(b) motion is ruled upon only if the motion is filed within 28 days of the entry of judgment. *See* Fed. R. App. P. 4(a)(4)(A)(vi).

## Conclusion

For the reasons above, the Court denies Gacho's petition for federal habeas relief under 28 U.S.C. § 2254 [1]. Civil case terminated.

**SO ORDERED.**                                                      **ENTERED: October 27, 2022**

_____
**HON. JORGE ALONSO**
**United States District Judge**